IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARTIS ARMOUR, #00326387 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv033 |
| TEXAS BOARD OF PARDONS AND PAROLES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Before the court is a motion to intervene filed by inmate Harold Wayne Mitchell, #332327, (Dkt. #27), who is not a party to this action. Mitchell requests permission to intervene in this civil rights lawsuit brought by Plaintiff Artis Armour. The motion was referred for findings of fact, conclusions of law, and recommendations for disposition. For the reasons discussed below, the undersigned recommends that the proposed intervenor's motion to intervene be **DENIED**.

**A. Background**

On January 27, 2022, Plaintiff filed this civil rights lawsuit complaining that he has been denied the opportunity to review his parole file and challenge any false or derogatory information regarding himself. He also complains that he has been denied release on parole despite having an exemplary institutional disciplinary record and completing all rehabilitation programs available to him. He is seeking a declaratory judgment that the Texas parole process is unconstitutional in that it fails to allow a parolee a fair and just hearing.

Plaintiff erroneously sued the Texas Board of Pardons and Paroles ("TBPP") in his Original Complaint. In response to the Court's Order to Replead (Dkt. #14), Plaintiff filed his Amended Complaint on July 7, 2022. (Dkt. #22). In the Amended Complaint, Plaintiff sued David Guiterriez, current Chair of the TBPP, Rissie Owens, former Chair of the TBPP, Board Commissioner Paul Keil, and Board Commissioners John Doe and Jane Doe who voted to not release Plaintiff on parole.

Proposed intervenor Mitchell seeks to intervene in this suit and requests to learn whether this lawsuit has been designated as a class action. The proposed intervenor does not discuss any of the legal elements that are considered when reviewing a proposed intervenor's request to intervene in a lawsuit. This lawsuit has not been designated as a class action.

**B. Discussion**

Intervention is appropriate when it prevents multiple lawsuits where common questions of law or fact are involved. *Deus v. Allstate Ins. Co.,* 15 F.3d 506, 525 (5th Cir. 1994) (citation omitted). "The purpose of intervention is to admit, by leave of court, a person who is not an original party into a proceeding. The intervening party then becomes a 'party' for the purpose of protecting some right or interest alleged by the intervenor to be affected by the proceeding." *Id.* (citation omitted). Rule 24 allows two types of intervention: section (a) provides for intervention of right (mandatory intervention) and section (b) provides for permissive intervention. Fed. R. Civ. P. 24; *Bouchard v. Union Pac. R. Co.*, No. H-08-1156, 2009 WL 1506677, at *1 (S.D. Tex. May 28, 2009).

A proposed intervenor is entitled to mandatory intervention if four elements are satisfied: "(1) the motion to intervene is timely; (2) the potential intervenor asserts an interest related to the

property or transaction forming the basis of the controversy in the case into which the party seeks to intervene; (3) the disposition of the case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties may not adequately represent the potential intervenor's interests." Fed. R. Civ. P. 24(a)(2); *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). While the applicant bears the burden of demonstrating entitlement to intervene and the failure to satisfy any one element precludes the applicant's right to do so, "the inquiry under subsection (a)(2) is a flexible one," and "intervention of right must be measured by a practical rather than technical yardstick." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (citations omitted).

As to the first element of intervention of right under Rule 24(a)(1), the proposed intervenor's motion is timely. The proceedings in Cause No. 6:22cv033 are still in the screening process pursuant to 28 U.S.C. § 1915A and no defendant has been ordered to answer as of the date of this Report and Recommendation.

Regarding the remainder of the elements of intervention of right under Rule 24(a)(1), the potential intervenor fails: (1) to identify an interest that he has in this case involving Plaintiff Armour's civil rights; (2) to articulate how the disposition of the instant action may impair or impede his ability to protect his own interests specific to his individual rights; and (3) to allege inadequate representation or provide factual support to overcome the presumption that Plaintiff Armour can adequately represent Mitchell's individual interests.

The court finds that the potential intervenor should not be permitted to intervene as a matter of right. Rather than asserting an interest related to the transactions forming the basis of Plaintiff's action, the potential intervenor merely inquires if this matter is a class action. The disposition of

this action will not operate to impede the potential intervenor from protecting his own interests as he has the ability to litigate his interests in his own lawsuit.

If intervention is not mandatory, then it may be permissive. Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Accordingly, permissive intervention under Rule 24(b) "is wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987).

With regard to permissive intervention under Rule 24(b), the court finds that allowing permissive intervention would make this litigation more complex and increase demand on state and judicial resources prematurely. Multi-plaintiff prisoner cases are problematic due to the requirement that each plaintiff pay the filing fee in full or proceed *in forma pauperis*, which is difficult to administer in a single action.

There is also the concern that Plaintiff Armour in Cause No. 6:22cv033 is placed in the position of attempting to bring a claim on behalf of other inmates, of which Plaintiff lacks the standing to do so. *See Gregory v. McKennon,* 430 Fed. App'x 306, 310 (5th Cir. 2011) (finding that a prisoner cannot necessarily bring claims under 42 U.S.C. § 1983 on behalf of other prisoners); *Reeves v. Collins,* 37 F.3d 631 (5th Cir. 1994) (holding civil rights litigants must show a constitutional violation of personal rights). As a general rule, moreover, multiple plaintiffs in a prisoner *pro se* lawsuit are not favored because of concerns with court security and the court's need to control the number of inmates inside the courtroom at any one time.

Finally, the proposed intervenor is able to protect his interests by litigating his own claims in an individual lawsuit. The court finds that permissive intervention under Rule 24(b) is not in the interest of justice or sound case management as described above.

Recommendation

It is recommended that proposed intervenor Harold Wayne Mitchell's motion to intervene (Dkt. #27) be **DENIED**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 28th day of November, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE