IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARTIS ARMOUR, #000326387 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv033 |
| TEXAS BOARD OF PARDONS AND PAROLES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Artis Armour, a prisoner confined in the Coffield Unit of the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The lawsuit was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**Procedural History**

Plaintiff originally filed this action on January 27, 2022. In response to the Court's order to replead (Dkt. #14), he filed an Amended Complaint. (Dkt. #22). An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). As a result, the Amended Complaint (Dkt. #22) will be the governing complaint in this case. Plaintiff has been allowed to be fully heard on his claims.

**Plaintiff's Claims**

Plaintiff sues the Texas Board of Pardons and Paroles (TBPP), David Guiterriez, the current Chair of the TBPP, Rissi Owens, the former Chair of the TBPP, Parole Commissioner Paul

1

Kiel, and each John and Jane Doe parole commissioner of the TBPP who voted to not release Plaintiff on parole. He alleges a denial of his constitutional rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. Plaintiff sues the individual Defendants in their individual and official capacities.

He specifically states that he has been denied parole more than twenty times. Plaintiff complains that he is not allowed to review his parole file and challenge all false or derogatory information contained in his parole file, upon which parole decisions are based. He further alleges that he is denied a fair and just parole hearing and that the Parole Score is redacted from the Minutes Sheet.

Plaintiff is requesting a declaratory judgment stating that the Texas parole process is unconstitutional in that it fails to allow a [prospective] parolee a fair and just hearing. He also requests prospective injunctive relief granting him a [parole] hearing with all due process and equal protection requirements. (Dkt. #22, p. 4).

**Preliminary Screening**.

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief

may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts, when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however, in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard, a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke*, 490 U.S. at 327; *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Plaintiff has been allowed to plead his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). After a plaintiff has had a fair opportunity to make his case—and if a cause of action has not been established—the court may dismiss the suit. *Id*. at 792.

**Discussion and Analysis.**

Plaintiff is serving a life sentence in the Texas Department of Criminal Justice for a 1976 capital murder conviction arising from Bowie County, Texas. His claims fail for multiple reasons.

A.  **Eleventh Amendment Immunity**

The TPBB is immune from suit under the Eleventh Amendment. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacities because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994). Plaintiff's claims against the TBPP fail to state a claim upon which relief may be granted.

B.  **Absolute Immunity**

To the extent Plaintiff is attempting to seek monetary damages against the individuals, who reviewed him for parole consideration, those individuals are protected by absolute immunity. *See Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). They are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. *Id.* Plaintiff's claims against the individual defendants in their individual capacities fail to state a claim upon which relief may be granted.

### C. Denial of Parole

Plaintiff complains that he has been denied parole over twenty times. Plaintiff claims that his due process rights have been violated with respect to the denial of his parole. Despite the denial of parole, his claims fail to rise to the level of a constitutional violation.

The U.S. Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty in parole, they cannot have a liberty interest in parole considerations or other aspects of parole procedures. *Johnson*, 110 F.3d at 308 (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). In *Johnson*, the Fifth Circuit concluded Johnson's allegations that the TBPP considers unreliable or even false information in making parole determinations, without more, simply does not assert a federal constitutional violation. *Id*.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. *See Greenholtz*, 442 U.S. at 7 (holding that convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 Tex. Admin Code § 145.3(1). ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically

entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. *See* 37 Tex. Admin. Code § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release....") (emphasis added); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (holding that because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana*, 65 F.3d at 31.

### D. Due Process

Plaintiff also fails to establish a violation of his due process rights. "The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson*, 110 F.3d at 308 (citations omitted). As stated above, Texas prisoners have no constitutionally protected liberty interest in parole. *Id*. (citations omitted). Even if the TBPP or its voting members consider unreliable or false information in making parole determinations, Plaintiff has failed to state a cause of action that rises to the level of a constitutional violation. *Id*. He cannot challenge parole procedures under the Due Process Clause. *Id*. at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana*, 65 F.3d at 31.

### E. Equal Protection

Plaintiff asserts his equal protection rights are violated because parolee candidates with attorneys are able to have their file reviewed while he as a *pro se* parole candidate does not have

the same opportunity or perceived advantage. "A violation of the equal protection clause occurs only when, *inter alia*, the governmental action in question classifies between two or more relevant persons or groups." *Johnson,* 110 F.3d at 309.

To state a claim under the Equal Protection Clause, a plaintiff must demonstrate that he has been treated differently due to his membership in a protected class and that the unequal treatment stemmed from discriminatory intent. *Hampton Co. Nat. Sur., LLC v. Tunica County, Miss.,* 543 F.3d 221, 228 (5th Cir. 2008). Plaintiff has not alleged that he belongs to a protected class or that he experienced unequal treatment as a result of membership in a protected class. "Unlike systemically discriminatory laws, isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause." *Gamza v. Aguirre,* 619 F.2d 449, 453 (5th Cir. 1980). Additionally, he has not alleged facts showing a discriminatory intent. Plaintiff has failed to assert facts establishing a valid equal protection claim. *See id.*

## Conclusion

The Court lacks jurisdiction over Plaintiff's claims against the TBPP because Plaintiff's claims are barred by the Eleventh Amendment. His claims against the individual parole commissioners who voted to deny him release on parole are barred by absolute immunity. Plaintiff does not have a due process or equal protection liberty interest or property right in the procedures attendant to his parole decisions. Furthermore, he failed to allege any facts that set out an equal protection claim as a member of a protected class or that show discriminatory intent was the reason for his inability to review his parole file. Plaintiff's claims should be dismissed as frivolous and as failing to state a claim upon which relief may be granted.

## Recommendation

It is therefore recommended that Plaintiff's civil-rights claims against the Texas Board of Pardons and Paroles should be dismissed without prejudice for lack of jurisdiction. It is further recommended that Plaintiff's claims against the individual Defendants in their individual capacities for money damages should be dismissed without prejudice for want of jurisdiction. It is further recommended that Plaintiff's civil-rights claims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 5th day of December, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE