UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00033

**Artis Armour,**
*Plaintiff,*

v.

**Texas Board of Pardons and Paroles et al.,**
*Defendants*

# ORDER

Plaintiff Artis Armour, proceeding pro se and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love. Doc. 3.

Judge Love issued a report and recommendation (Doc. 36) concluding that plaintiff's challenges to Texas' parole procedures were frivolous and should be dismissed for failure to state a claim. Plaintiff filed objections to the report. Doc. 39.

Plaintiff's objections reiterate the arguments in his amended complaint and memorandum of law, but those claims lack merit. Doc. 22. He does not present any case law that casts doubt on the Fifth Circuit's precedent regarding the lack of a liberty interest or due process right in Texas parole procedures. *See, e.g.*, *Guajardo v. Bayda*, 344 Fed. App'x 922, 923 (5th Cir. 2009) ("Texas Law does not create a liberty interest in parole that is protected by the Due Process Clause.")

Plaintiff further fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff asserts that he has been denied equal protection as to those who can afford an attorney. Doc. 22 at 5. He alleges that "as a practical matter," review of parole files is only available to inmates who can afford a parole attorney. *Id.* at 3. An identical claim has been dismissed as frivolous in this district. *Hicks v. Gutierrez*, 2022 WL 16702807, at *1 (E.D. Tex. Aug. 10, 2022) (dismissing complaint that plaintiff "has been

denied equal protection in that he has been denied the same opportunity as persons who can afford an attorney to review their parole file"). That dismissal was affirmed by the Fifth Circuit. *Hicks v. Tex. Bd. of Pardon & Paroles*, 2023 WL 6878908 (5th Cir. Oct. 18, 2023).

Plaintiff's cumulative-effect argument is equally unavailing as an agency's violation of its own rules does not rise to the level of a federal constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that a violation of prison regulations, without more, do not state a constitutional violation); *Levitt v. Univ. of Tex. at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985) (The failure to follow regulations "may constitute a breach of contract or violation of state law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation."). It is well established that the mere violation of state laws does not necessarily infringe on rights secured by the Constitution. *Snowden v. Hughes*, 321 U.S. 1, 11 (1944); *McDowell v. Texas*, 465 F.2d 1342, 1346 (5th Cir.), *aff'd en banc*, 465 F.2d 1349 (5th Cir. 1971), *cert. denied*, 410 U.S. 943 (1973). To the extent plaintiff relies on the Administrative Procedure Act, his claims fail because "the APA does not apply to state agencies." *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) (citing *Resident Council of Allen Parkway Vill v. HUD*, 980 F.2d 1043, 1055 (5th Cir. 1993)).

Having conducted a de novo review of the record and the magistrate judge's proposed findings and recommendations, the court accepts the findings and conclusions of the report. Accordingly, plaintiff's claims against the Texas Board of Pardons and Paroles and the individual parole commissioners in their official and individual capacities are dismissed without prejudice for lack of jurisdiction. The remainder of plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915e(2)(B). All motions not previously ruled on are denied as moot. The clerk of court is directed to close this case.

*So ordered by the court on April 30, 2024.*

J. CAMPBELL BARKER
United States District Judge